UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER MACKINNON, JR.,

    Plaintiff,

    v.

IMVU, INC.,

    Defendant.

_____/

No. C 11-4840 PJH

**ORDER GRANTING MOTION TO REMAND AND VACATING HEARING DATE**

    Before this court are plaintiff's motion to remand this matter to Santa Clara County Superior Court, and plaintiff's motion for sanctions. Having carefully read the parties' papers and considered the relevant legal authority, the court GRANTS plaintiff's motion to remand and DENIES plaintiff's motion for sanctions, for the following reasons.

    The Class Action Fairness Act ("CAFA") provides that the district courts shall have original jurisdiction of "any civil action" where 1) the number of members of all proposed plaintiff classes in the aggregate is 100 or more, 2) the claims of the individual class members, in the aggregate, exceed the sum or value of $5,000,000 exclusive of interest and costs, and 3) "any member of a class of plaintiffs is a citizen of a State different from any defendant." See 28 U.S.C. § 1332(d). Pursuant to CAFA, a removing defendant must file a notice of removal within thirty days from the time of receipt of the initial complaint or receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." See 28 U.S.C. § 1446(b).

    Neither party disputes that defendant failed to file a notice of removal within 30 days of receipt of the initial, or first amended (and operative) complaint. Rather, the parties

dispute whether defendant's subsequent notice of removal was timely, based upon defendant's receipt of information that would qualify as "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Specifically, the parties dispute whether defendant's September 30, 2011 notice of removal is timely, based upon an in-court, off the record oral statement purportedly made by plaintiff's counsel at a September 27, 2011 discovery conference. According to defendant, the oral statement made by plaintiff's counsel at the discovery conference established for the first time that plaintiff's class action claims seek damages of "up to and including $10,000,000" – a figure that, if true, would satisfy CAFA's amount in controversy requirement.

As a preliminary matter, by its express terms, section 1446(b) does not apply to oral statements.  See 28 U.S.C. § 1446(b)(referencing "an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable")(emphasis added).  Defendant, however, has relied on several cases (the majority outside of this district) that purportedly confirm the propriety of removal under section 1446(b) on the basis of oral statements made in court.  Opp. Br. at 5:5-7:21; see also, e.g., Mike Silverman & Assocs., Inc. v. Drai, 659 F. Supp. 741, 745 (C.D. Cal. 1987)(time for removal commenced when defendant learned in court of co-defendant's dismissal, thereby establishing grounds for diversity jurisdiction).  In response, plaintiff submits opposing legal authorities holding that oral communications and statements are insufficient to qualify as 'other papers' that trigger removal pursuant to section 1446(b). See, .e.g, Jiminez v. Sears, Roebuck & Co., 2010 WL 653548 *2 (C.D. Cal. Feb. 18 2010)("oral statements are not an "other paper" which triggers removal under 42 U.S.C. § 1446(b)"); Mendoza v. OM Financial Life Ins. Co., 2009 WL 1813964, *5 (N.D. Cal. June 25, 2009)("oral communications do not constitute "other papers" for the purposes of § 1446(b)").

The court construes these cases in plaintiff's favor.  While defendant has submitted

2

cases that do suggest that oral statements made in court are a sufficient basis from which a defendant may ascertain removability, the vast majority, if not all, of defendant's cited case law is confined to the diversity of citizenship inquiry, not the amount in controversy question that the court is presented with here. And none expressly dealt with an off the record statement by counsel such as that which is present here. By contrast, the amount in controversy requirement *is* discussed in the authorities submitted by plaintiff, and these cases instruct that removability is to be ascertained from a verifiable "paper" document, consistent with the plain language of section 1446(b). All of which suggests that, as applied to the off-record and unrecorded oral statement made by plaintiff's counsel here, section 1446(b)'s removal provisions are not satisfied.

Critically, moreover, defendant's cited case law does not address the situation where, as here, the parties dispute the content of the oral statement to begin with. Defense counsel avers, for example, that plaintiff's counsel explicitly stated at the discovery conference that damages sought by plaintiff are "up to and including $10,000,000." Opp. Br. at 1:15-16; Declaration of Carter Ott ISO Opp. ("Carter Decl."), ¶ 2. Defense counsel then simultaneously submits his own contemporaneous recording of the discovery conference, in which counsel specifically credited plaintiff's counsel with the slightly different claim that there "may be $10M in dispute." See Carter Decl., Ex. A. Plaintiff's counsel, for their part – who dispute that Mr. Safier affirmatively stated that $10 million are in dispute – declare instead that Mr. Safier stated only that he "did not know" how much was on dispute, but that there were "probably millions of dollars" in dispute. See Declaration of Seth A. Safier ISO Remand ("Safier Decl."), ¶ 7; Declaration of Todd Kennedy ISO Remand ("Kennedy Decl."), ¶ 3. Plaintiff's counsel also declare that just a few weeks prior to the discovery conference, defense counsel told plaintiff's counsel that there was only $350,000 at issue. Safier Decl., ¶ 8; Kennedy Decl., ¶ 5.

Even assuming that counsel's oral, off the record statement were a sufficient basis from which to ascertain removability, the foregoing factual dispute would preclude the court

3

from determining the actual amount in controversy here (indeed, this dispute also serves to underscore the wisdom of holding that oral, off the record statements are *not* a sufficient basis from which to ascertain removability, since such statements are not objectively verifiable).

As such, the court finds that defendant has failed to discharge its burden to demonstrate that the amount in controversy is satisfied, such that removal is appropriate pursuant to section 1446(b).  See 28 U.S.C.A. § 1332(a); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683, 690 (9th Cir. 2006)(where amount in controversy is at issue, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met."); Lowdermilk v. U.S. Bank National Ass'n, 479 F.3d 994 (9th Cir. 2007).

Mindful of its duty to conservatively construe the removal statutes, and for all the foregoing reasons, plaintiff's motion to remand is accordingly GRANTED.  Abrego, 443 F.3d at 690 (doubt as to the propriety of removal requires that the lawsuit be remanded).

Plaintiff's corresponding motion for fees and costs is DENIED.  While the court has concluded that no grounds for removability are present, the court is not convinced that defendants' counsel was objectively unreasonable in seeking to remove the present action.

Plaintiff's motion for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927, which is based on overlapping arguments, is similarly DENIED.

The January 18, 2012 date for hearing is VACATED.  The February 8, 2012 date for hearing on defendant's motion for judgment on the pleadings is also VACATED, as defendant's motion is dismissed as moot in light of the foregoing ruling.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 11, 2012

PHYLLIS J. HAMILTON
United States District Judge

4